28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert L. COULTER, Petitioner-Appellant,
v.
Dan REYNOLDS, Warden, Respondent-Appellee.
 No. 94-6054.
 United States Court of Appeals, Tenth Circuit.
 June 17, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Robert L. Coulter appeals the dismissal of his petition for a writ of habeas corpus, 28 U.S.C. 2254, on the ground that the petition is abusive and successive. We reverse and remand.
 
 
 3
 As is commonly true in federal habeas actions, the procedural history of the case is chaotic, and largely so because of the actions of the petitioner himself. The particular state court conviction (there have been others) which Mr.Coulter now challenges, occurred in 1984. While Mr. Coulter's direct appeal was pending in the Oklahoma Court of Criminal Appeals, Mr.Coulter filed his first federal habeas petition in 1986. Subsequently, in 1987, the Oklahoma Court of Criminal Appeals denied relief on Coulter's direct appeal.
 
 
 4
 Mr. Coulter's first federal habeas petition--the one filed in 1986--was dismissed not on the merits but on jurisdictional grounds. See "Opinion and Order" of the district court filed September 3, 1986, R. Vol. I, Entry 29, Ex. C-1 (failure to satisfy the "in custody" requirement).
 
 
 5
 Prior to his first federal filing, Mr. Coulter filed two successive state collateral proceedings. These were dismissed, apparently on procedural default grounds. In 1991, he filed a third state proceeding which likewise was dismissed on procedural grounds, appealed, and the dismissal was affirmed on appeal to the Oklahoma Court of Criminal Appeals. At that point, Mr. Coulter filed the present federal habeas action on December 24, 1992. The petition raised six grounds for relief. Four of those grounds were raised in Mr.Coulter's direct appeal from his state conviction and are, therefore, exhausted. Additional grounds claim, among other things, ineffective assistance of appellate counsel.
 
 
 6
 In his report and recommendation to the district court, the magistrate recommended that Mr.Coulter's petition be dismissed as abusive and successive. Upon de novo review, the district court agreed. See Order filed February 4, 1994, and Order and Judgment filed August 23, 1993, R. Vol. I, Entries 24 and 32. The district court also found that certain claims were procedurally barred, and that cause and prejudice had not been demonstrated, nor manifest injustice.
 
 
 7
 We respectfully disagree with the district court with regard to the findings of abuse and successiveness supporting a dismissal of the main portions of Mr.Coulter's petition. While it is true that those claims were available and not asserted in the first petition, the ground which Mr.Coulter did assert resulted in a dismissal on jurisdictional grounds. Since there was no prior decision on the merits as required by 28 U.S.C. 2244, the district court should entertain the current petition on its merits with respect to those issues which have been previously exhausted in state court and which are not procedurally barred.[2]
 
 
 8
 Rather than handle the appeal piecemeal, we decline to rule at this time on the issues for which a procedural bar claim has been interposed, and conclusions reached with regard to cause, prejudice and manifest injustice.
 
 
 9
 Accordingly, the motion for issuance of a certificate of probable cause is granted; the judgment of dismissal is VACATED, and the case is REMANDED for further proceedings.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 28 U.S.C. 2244(b) provides:
 When after an evidentiary hearing on the merits ... or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States ... release from custody ... a subsequent application for a writ of habeas corpus need not be entertained ... if the court ... is satisfied that the applicant deliberately withheld the newly asserted ground or otherwise abused the writ.
 See also McCleskey v. Zant, 499 U.S. 467, 486-87 (1991) (approving the incorporation of the judge-made theory of res judicata for abuse of the writ in both 28 U.S.C. 2244(b) and 2254 Rule 9(b)).