51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Herbert G. POLK, Petitioner-Appellant,
v.
Stephen W. KAISER; Attorney General of the State of
Oklahoma, Respondents-Appellees.
 Nos. 94-6187, 94-6207.
(W.D. Oklahoma) (D.C. No. CIV-92-695-W)
 United States Court of Appeals, Tenth Circuit.
 April 5, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BRIGHT,[2] and BALDOCK, Circuit Judges.
 
 
 1
 In this appeal of the district court's dismissal of Herbert G. Polk's fifth petition for habeas corpus, Polk relies on Kelley v. Kaiser, 992 F.2d 1509 (10th Cir.1993), to challenge the district court's conclusion his petition is abusive and successive. Polk contends Kelley represents a change in the law which, if not applied to petitioner, would amount to a miscarriage of justice. That is, because Kelley invalidated Oklahoma's procedure for retroactively certifying male juveniles as adults and because Polk was never certified as an adult for those prior convictions used to qualify him as an habitual offender, he is now "actually innocent" of a fact that was necessary to sentence him as an habitual offender. However compelling this argument, the district court rejected it on the basis of the Magistrate's Supplemental Report and Recommendation that Kelley does not announce a new rule that can be applied retroactively to Polk's case. We agree and affirm on that basis.
 
 
 2
 The facts of this case and its litigation history are well known to the parties and need not be repeated here. The sole issue is whether this fifth habeas petition is abusive and subject to dismissal on that ground.
 
 
 3
 Upon review of the record, the Magistrate Judge concluded "with the exception of part of the ineffective assistance of counsel claim as discussed below and part of his claim regarding the 1971 convictions, the issues herein have not been raised before and each is an abuse of the writ." In a Supplemental Report and Recommendation, the Magistrate Judge specifically addressed Polk's contention Kelley represents a new rule mandating review on the merits of Polk's due process and equal protection claims. The Magistrate Judge rejected this argument, finding that as early as 1971, Lamb v. Brown, 456 F.2d 18 (10th Cir.1972), held Oklahoma's disparate treatment of minor males and females violated the Equal Protection Clause; and Radcliff v. Anderson, 509 F.2d 1093 (10th Cir.1974), cert. denied, 421 U.S. 939 (1975), applied Lamb retroactively. The Magistrate Judge also cited Bromley v. Crisp, 561 F.2d 1351 (10th Cir.1977), cert. denied, 435 U.S. 908 (1978), which examined the procedures to determine the proper relief when a conviction is challenged under Lamb.
 
 
 4
 Bromley concluded a conviction "need not be set aside if it is established that the juvenile court would have certified the petitioner for treatment as an adult." Kelley, 992 F.2d at 1511. Bromley was "premised on the holding of an evidentiary hearing, either in state or federal court, to determine whether a particular adult certification would have been made in juvenile court." Id. Although recognizing Kelley found the later state procedure enacted to satisfy Bromley, Edwards v. State, 591 P.2d 313 (Okla.Crim.App.1979), presented an "unjustified impediment" to a petitioner's due process rights, the Magistrate Judge believed Polk had Rule 9 problems (Delayed or Successive Motions). Consequently, it addressed the question whether Kelley represents a "new rule" or an intervening change in the law that should apply to Polk's case.
 
 
 5
 The Magistrate Judge found Polk's 99-year conviction was final on August 11, 1987, and Bromley was decided in 1977. Therefore, the Magistrate Judge concluded Kelley was not a new rule, and even if it were, "new constitutional rules of criminal procedure will not be applicable [on collateral review] to those cases which have become final before the new rules are announced." Teague v. Lane, 489 U.S. 288, 310 (1989). The Magistrate Judge would not consider the Teague exceptions because Polk did not raise them.
 
 
 6
 Finally, addressing the cause and prejudice hurdles, the Magistrate Judge concluded Polk was unable to show cause not only because Kelley is not new law, but also because Polk raised this issue in his second habeas petition when he stated, "the law is well settle[d] that it is the burden of the state to so convince the court that if a certification hearing would have been held petitioner would have been certified to stand trial as an adult." Unable to show cause, petitioner cannot show prejudice either, the Magistrate Judge held, and could not meet the fundamental miscarriage of justice standard. McCleskey v. Zant, 499 U.S. 467, 494 (1991) ("A constitutional violation probably has caused the conviction of one innocent of the crime.").
 
 
 7
 In support, the Magistrate Judge found two pages of prior convictions attached to the charging information. "The first page two' lists four prior felony convictions, and the second page two' lists one prior felony conviction for a total of 5 priors." The Magistrate Judge concluded, "In light of this evidence, this Court finds that Petitioner was charged and convicted as a multiple offender." If, however, Polk argues he is not guilty of the multiple offender charge because the 1971 convictions were obtained in violation of his rights, the Magistrate Judge was "not persuaded that the evidence demonstrates petitioner's actual innocence within the meaning of Sawyer. The constitutional violation alleged does not call into question Petitioner's guilt in the 1971 cases or ... [as] a multiple offender in the 1983 case."
 
 
 8
 In his objection to the Report and Recommendation, Polk stated the fifth conviction attached as page two was not his but that of his co-defendant who "was tried separately ... in Case No. CRF-83-5899, See, Exhibits # 1-5 ... attached." Polk insists his convictions in the three prior juvenile offenses are a nullity based on Lamb. Thus, Polk, urging his pro se petitions must be liberally construed, concluded he should have been convicted of the two counts in 1983 with one former felony conviction.
 
 
 9
 In its summary review of the Report and Recommendation, the district court dismissed the petition on the grounds recommended by the Magistrate Judge: grounds two, four, and five are an abuse of the writ; grounds one and three are successive. The court also denied Polk's motion for appointment of counsel.
 
 
 10
 Polk now urges Kelley changed the law and "it would be a miscarriage of justice not to grant petitioner the review (certification hearing) he requests." He contends his claim of "actual innocence" falls within the parameters discussed in Selsor v. Kaiser, 22 F.3d 1029 (10th Cir.1994) (absent showing petitioner did not commit armed robbery, actual innocence claim fails). Selsor had claimed because he was convicted of both robbery with a firearm and the underlying robbery, his excessive sentence was based on double jeopardy and was, thus, unconstitutional. He urged the claim should be heard on the merits. We rejected Selsor's claim under the Fifth Amendment that he was actually innocent of the sentence he received for armed robbery because he could not show actual innocence of the armed robbery itself. We believe Selsor commands the result here.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Myron H. Bright, Senior Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation