UNITED STATES COURT OF APPEALS

**Filed 8/26/96**

FOR THE TENTH CIRCUIT

ROBERT L. COULTER,

      Petitioner-Appellant,

v.

DAN REYNOLDS; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 95-6300
(D.C. No. CV-92-2475)
(W.D. Okla. )

ORDER AND JUDGMENT[*]

Before TACHA, ALDISERT,[**] and BALDOCK, Circuit Judges.[***]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

[***]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner-appellant Robert L. Coulter, appearing pro se, appeals from the district court's denial of habeas corpus relief pursuant to 28 U.S.C. § 2254. Following careful review of the briefs of the parties and the record on appeal, we conclude that the district court was correct, and we affirm.

This case is plagued by a long and tortured procedural history. In 1984, Mr. Coulter was convicted by a jury in the Oklahoma County District Court of robbery with firearms after former conviction of a felony and kidnaping for the purpose of extortion after former conviction of a felony. He was sentenced to ninety-nine years and one day imprisonment for the robbery and two-hundred-fifty years' imprisonment for the kidnaping, to be served consecutively. On direct appeal, the Oklahoma Court of Criminal Appeals affirmed Mr. Coulter's conviction, but modified his sentences to fifty years' imprisonment for the robbery and fifty years' imprisonment for the kidnaping, to be served consecutively. See Coulter v. State, 734 P.2d 295 (Okla. Crim. App. 1987). Mr. Coulter filed at least five applications for state post-conviction relief which were all denied.

Prior to Mr. Coulter's current conviction, but while he was serving a twelve-year sentence on a plea of guilty to assault and battery with a dangerous weapon after former conviction of a felony, he sought federal habeas corpus relief from a 1970 conviction for robbery with a firearm when he was sixteen years old.

Mr. Coulter asserted that this conviction was invalid because he was illegally tried as an adult without benefit of a certification hearing. See Edwards v. State, 591 P.2d 313, 317-18 (Okla. Crim. App. 1979)(holding that juvenile statutes which discriminate based on gender are in violation of the equal protection clause; males between sixteen and eighteen years of age prosecuted as adults without benefit of a certification hearing are entitled to retroactive application of holding). Relying on Brown v. Wainwright, 447 F.2d 980 (5th Cir. 1971), the district court concluded that because the earlier, fully-served sentence had no relationship to Mr. Coulter's current incarceration, the court lacked jurisdiction to entertain Mr. Coulter's challenge in federal habeas corpus proceedings. R. Vol. I, tab 13, ex. D, Opinion and Order at 3 (Aug. 25, 1981). Although Mr. Coulter filed a notice of appeal in this court, the district court denied him a certificate of probable cause, and he did not pursue the action.

Following his current conviction, but before his state appeal was decided, Mr. Coulter again filed for federal habeas corpus relief from seven prior felony convictions based entirely on his claim that his first conviction was unconstitutional because he was wrongfully tried as an adult. He contended that the six subsequent felonies also must be set aside as tainted by the initial conviction. The district court found that Mr. Coulter had completed serving all of the prior sentences except for a ten-year sentence for robbery with firearms after

former conviction of a felony and the two sentences imposed after the conviction which is the subject of this habeas corpus petition. The court concluded that although these last two convictions were enhanced by Mr. Coulter's prior felonies, he had received four other felony convictions in the time between his first allegedly unconstitutional conviction and the last two convictions. The court found that the first conviction did not bear a "causative relation" to Mr. Coulter's present custody, that he was not "in custody" for purposes of the habeas corpus statute, see § 2254(a), and therefore, the court lacked jurisdiction to entertain the matter. R. Vol. I, tab 13, ex. C, Opinion and Order (Sept. 3, 1986).

This brings us to Mr. Coulter's current petition for habeas corpus relief. In his petition, Mr. Coulter asserted that (1) he was denied effective assistance of trial and appellate counsel; (2) the prosecutor made prejudicial statements regarding Mr. Coulter's courtroom conduct and appearance; (3) he was denied the right to confront a witness; (4) the trial court failed to properly instruct the jury regarding the elements of the charge of robbery with a firearm; (5) the impartiality and fairness of the jury were compromised by the amount of prejudicial testimony presented and the prosecutor's inflammatory closing arguments; and (6) his present sentence was improperly enhanced by a prior invalid conviction. The district court dismissed the petition as abusive and successive.

-4-

On appeal, this court determined that, although the grounds asserted were available and not asserted in Mr. Coulter's prior federal petitions, his prior petitions were dismissed on jurisdictional grounds and therefore, there was no prior decision on the merits as required by § 2244. Coulter v. Reynolds, No. 94-6054, 1994 WL 266736 (10th Cir. June 17, 1994)(unpublished order and judgment). We vacated the judgment and remanded for further proceedings, directing the district court to consider the merits of Mr. Coulter's previously exhausted, but not procedurally barred, issues. Id. at **1. To avoid piecemeal consideration of Mr. Coulter's appeal, we declined to rule on the remaining issues subject to procedural bar or the district court's findings as to cause, prejudice, and manifest injustice. Id. at **2.

On remand, the district court, incorporating its prior findings, again dismissed Mr. Coulter's petition. Mr. Coulter appeals, asserting that (1) the deposition of Juan Holloway, who Mr. Coulter alleges confessed to the crime for which Mr. Coulter is incarcerated, was improperly taken;[1] (2) the district court erred in finding Mr. Coulter's equal protection claim procedurally barred; (3) he received ineffective assistance of trial and appellate counsel; (4) he was

---

[1] This issue was not raised in Mr. Coulter's petition for writ of habeas corpus or ruled on by the district court. Consequently, we will not address the issue on appeal. See Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

prejudiced by prosecutorial misconduct; (5) he was denied the right to confront an out-of-court identification witness; (6) the trial court gave an improper jury instruction on essential elements of the crime of robbery with a firearm; and (7) he was denied a fair trial due to prejudicial testimony and the state's inflammatory closing arguments.

In a lengthy analysis, the district court considered Mr. Coulter's claim that his current sentences were improperly enhanced by his first felony conviction, allegedly obtained in violation of his equal protection rights. The court found the claim to be procedurally barred. We agree.

In its denial of Mr. Coulter's fifth application for post-conviction relief, the state court, invoking state procedural bar, determined that Mr. Coulter had failed to raise the Edwards issue in his four prior applications, and therefore, under Okla. Stat. tit. 22, § 1086, he waived the right to seek relief. R. Vol. I, tab 13, ex. C. The Oklahoma Court of Criminal Appeals entered an order affirming the court's denial of relief on the grounds of procedural bar. Id. Therefore, for the federal court to review Mr. Coulter's claim, he must demonstrate both cause for the default and actual prejudice, or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Steele v. Young, 11 F.3d 1518, 1521 (10th Cir. 1993).

Mr. Coulter contends that the state "erroneou[s]ly denied" his applications for relief under Edwards. Appellant's Br. at 6. In an effort to show prejudice Mr. Coulter claims that his current sentence was "contaminated" by his 1970 alleged unconstitutional conviction. He asserts that during the sentencing phase of his trial, the prosecutor stated to the jury that Mr. Coulter had six prior felony convictions which included the 1970 conviction. Mr. Coulter has failed, however, to establish that this inclusion served to prejudice the length of his current sentence.

In addition, Mr. Coulter asserts that this court's decision in Kelley v. Kaiser, 992 F.2d 1509 (10th Cir. 1993), established a "new rule" applicable to his case.[2] See Teague v. Lane, 489 U.S. 288, 310 (1989)(discussing retroactive application of new rules to collateral proceedings). Mr. Coulter, however, has failed to show how the Kelley decision changed anything significant to his case. Moreover, Mr. Coulter has a number of other felony convictions which would support his sentences and, as noted by the district court, his current sentence, as modified on direct appeal, is consistent with the range of sentence Mr. Coulter could have received as a first time offender. Mr. Coulter's attempt to invoke the

---

[2]    In Kelley, this court concluded that the portion of the decision requiring a petitioner desiring to overturn a prior decision to present a "valid reason to believe that certification [as an adult] would have been denied,"591 P. 2d at 321, was an impermissible impediment to a petitioner's due process rights." Kelley, 992 F.2d at 1516.

manifest injustice exception to the cause and prejudice standard by his claim of factual innocence due to the alleged "confession" of Juan Holloway is unpersuasive.[3] See Steele, 11 F.3d at 1522 (fundamental miscarriage of justice requires a showing of factual innocence).

The district court also found Mr. Coulter's remaining claims of trial error and ineffective assistance of counsel to be procedurally barred. When Mr. Coulter raised these issues in his third state application for post-conviction relief, the court, invoking state procedural bar, see Okla. Stat. tit. 22, §§ 1086, affirmed the denial of his application, determining that Mr. Coulter failed to state sufficient reasons why the grounds for relief he asserted were not asserted, or were inadequately asserted, in his prior post-conviction applications or in his direct appeal. R. Vol. I, tab 13, ex. A.

Mr. Coulter reasserts these same claims here. He does not attempt to establish cause for his default or resulting prejudice, but only asserts that it would be a miscarriage of justice for the court to refuse to review the Oklahoma Court

---

[3]      In a number of his post-conviction applications, Mr. Coulter insisted that Juan Holloway, a fellow inmate, confessed to the crime for which Mr. Coulter is currently incarcerated. This allegation was raised by Mr. Coulter's attorney in a motion for new trial on the basis of newly discovered evidence. The motion was withdrawn, however, when it was determined that Mr. Coulter had threatened Mr. Holloway and Mr. Holloway's family, and in fact, Mr. Holloway was incarcerated at the time the crime was committed.

of Criminal Appeals' decision to modify his sentence. In order to establish the fundamental miscarriage of justice exception to default, a petitioner must demonstrate a colorable claim of factual innocence. <u>Steele</u>, 11 F.3d at 1522. Mr. Coulter has not done so here. Accordingly, we agree that Mr. Coulter's remaining issues also are procedurally barred from federal habeas corpus review.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge