F I L E D
United States Court of Appeals
Tenth Circuit

JAN 30 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JACKIE LYNN MARTIN,

    Defendant-Appellant.

No. 97-5117
(D.C. No. 97-CR-4-1-H)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Defendant Jackie Lynn Martin, proceeding in forma pauperis, appeals his sentence of life imprisonment without parole plus sixty months, followed by five years' supervised release, pursuant to 18 U.S.C. § 3559(c).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Martin was sentenced on June 13, 1997.  On June 20, 1997, he filed a motion under Fed. R. Crim. P. 35(c) with the district court to correct his sentence. He contended one of his predicate convictions was void because the governing juvenile statute which permitted him to be sentenced as an adult had been found to be violative of the Equal Protection Clause by mandating sex-based discrimination.  See Kelley v. Kaiser, 992 F.2d 1509 (10th Cir. 1993).  The district court determined that since Martin had filed a notice of appeal on June 16, 1997, it no longer had jurisdiction and could not consider the motion.

Martin filed a motion with this court on June 24, 1997, requesting a remand to the district court for consideration of his Rule 35(c) motion.  The government's response filed on July 2, 1997, stated the proper procedure was to proceed with the appeal and that the constitutional question could be decided in another proceeding.  The motion was referred to the panel for consideration after briefing on the merits.

In his brief on appeal, Martin contends (1) the case should be remanded because one of the predicate convictions is void; (2) one of the predicate convictions is stale; (3) one of the predicate convictions did not provide the necessary maximum term of imprisonment at the time of conviction; and (4) the court erred in his criminal history calculation.  The government's response brief specifically requests this court to grant a partial remand for the purpose of

ascertaining whether one of the predicate convictions is void.

Rule 35(c) permits the district court to correct a sentence as a result of technical, arithmetic, or other clear error within seven days of imposition of sentence. Martin was sentenced on June 13, 1997, and he filed his motion on June 20, 1997. If a defendant timely moves to correct a sentence pursuant to Rule 35(c), that motion renders an otherwise final order nonfinal until the district court disposes of the motion. United States v. Libretti, 38 F.3d 523, 527 n.4 (10th Cir. 1994), aff'd 516 U.S. 29 (1995). The filing of a notice of appeal does not divest a district court of jurisdiction to correct a sentence under 35(c). See Fed. R. App. P. 4(b).

This case is REMANDED to the district court for consideration of Martin's Rule 35(c) motion to correct sentence. As any action by the district court on remand will affect the issues raised and briefed in this appeal, the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge