**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 20 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JACKIE LYNN MARTIN,

      Defendant-Appellant.

No. 00-5252
(D.C. No. 97-CR-4-H)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Jackie Lynn Martin was indicted on one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); three counts of interference

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

with commerce by threats or violence in violation of 18 U.S.C. § 1951; two counts of using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c); and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). A jury convicted defendant on all eight counts of the indictment, and the district court sentenced him to fifty years in prison.

On direct appeal, we vacated defendant's conviction and sentence on the second § 922(g) charge, and we remanded the case to the district court "for a hearing on Defendant's competency to waive his right to counsel at sentencing, and for possible resentencing if the district court finds Defendant competent to waive that right." *United States v. Martin*, No. 98-5066, 2000 WL 33526, at **5 (10th Cir. Jan. 18, 2000) (unpublished), *cert. denied*, 529 U.S. 1123 (2000). On remand, the district court determined that defendant did not want to waive his right to counsel. At defendant's request, the district court therefore appointed new counsel for defendant. Subsequently, the district court held a resentencing hearing, and the court again sentenced defendant to fifty years in prison.

Defendant is now seeking to have his sentence vacated on the grounds that: (1) the probation officer did not provide him with a copy of the revised presentence report at least thirty-five days before the resentencing hearing as required by Fed. R. Crim. P. 32(b)(6)(A); and (2) the district court failed to verify

at the resentencing hearing that defendant and his counsel had read and discussed the revised presentence report as required by Rule 32(c)(3)(A). Our jurisdiction arises under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

I.

Defendant claims that the district court's failure to comply with Rule 32 deprived him of the opportunity to develop an argument for a downward sentencing departure based on his post-arrest rehabilitative conduct. According to defendant, the revised presentence report was inaccurate because it contained no information concerning his post-arrest rehabilitative conduct. Defendant claims that he would have objected to this omission and developed an argument for a downward departure if he had been provided with a copy of the revised report. Defendant therefore requests that his sentence be vacated and that this matter be remanded for resentencing so that he can seek such a downward departure.

We hold that defendant is not entitled to a remand for resentencing. As a threshold matter, defendant does not affirmatively claim that he never received or reviewed the revised presentence report prior to the resentencing hearing. Instead, defendant only claims that the record "strongly suggests" that he did not receive or review the revised report, and he has failed to directly dispute the government's claim that he reviewed the revised report with his counsel prior to

the resentencing hearing. Nonetheless, even if we assume that defendant did not receive or review the revised report, his challenge to his resentencing fails.

Even if defendant establishes a violation of Rule 32, "[w]e will remand for resentencing . . . only if defendant suffered prejudice as a result of the Rule 32 violation." *United States v. Archer*, 70 F.3d 1149, 1151 (10th Cir. 1995) (citing *United States v. Rangel-Arreola*, 991 F.2d 1519, 1526 (10th Cir. 1993)). To establish prejudice, defendant must show that: (1) the revised presentence report contained factual inaccuracies; and (2) he could have successfully objected to the report, and thereby received a shorter sentence, if he had been furnished with a copy of the report as required by Rule 32. *See id.*; *Rangel-Arreola*, 991 F.2d at 1526.

Here, defendant's claim is not that the revised report was inaccurate, but that it was incomplete because it failed to detail his alleged post-arrest rehabilitative conduct. In either case, however, defendant has failed to demonstrate that he could have succeeded in convincing the district court to grant him a downward departure based on his alleged post-arrest rehabilitative conduct, and his conclusory allegations are insufficient to establish the prejudice necessary

to justify a remand for resentencing. [1]

## II.

Defendant also claims that the district court's failure to comply with Rule 32 deprived him of the opportunity to inform the court that he was taking medication that could adversely affect his judgment and/or render him incompetent during the resentencing proceedings. According to defendant, the revised presentence report was inaccurate because it contained no information concerning his current medication and its side-effects. Defendant claims that he would have objected to this omission and informed the court of the side-effects of the medication if he had been provided with a copy of the revised report.

Even if we accept that defendant was taking medication that could have affected his judgment and/or rendered him incompetent at the time of his resentencing, defendant has failed to explain why this fact would have led the district court to impose a shorter sentence. Presumably, defendant's argument is that the district court would have postponed the resentencing hearing to a date

---

[1]    In addition, while we have held that extraordinary or exceptional drug or other rehabilitative efforts may provide the basis for a downward sentencing departure in appropriate cases, *see United States v. Whitaker*, 152 F.3d 1238, 1239-40 (10th Cir. 1998), the departure can only be based on conduct that occurred prior to a defendant's initial sentencing, *see United States v. Warner*, 43 F.3d 1335, 1340 (10th Cir. 1994). Thus, even if defendant could overcome the prejudice hurdle, he would not be entitled to a downward departure based on any rehabilitative conduct that has occurred since his initial sentencing.

when he was not impaired or incompetent if it had been aware of the medication he was taking. Alternatively, defendant appears to claim that he would not have waived his right to self-representation if he had not been taking any medication. However, defendant has failed to demonstrate why either of these scenarios would have ultimately resulted in the district court imposing a shorter sentence. Accordingly, even if the district court failed to comply with Rule 32, defendant has failed to establish the prejudice necessary to justify a remand for resentencing. *See Archer,* 70 F.3d at 1151; *Rangel-Arreola*, 991 F.2d at 1526.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge