**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JACKIE LYNN MARTIN,

      Defendant - Appellant.

No. 05-5012
(D.C. Nos. 02-CV-499-H;
97-CR-04-H(J))
(N.D. Okla.)

---

**ORDER***

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

---

Defendant-Appellant Jackie Lynn Martin requests a certificate of

appealability ("COA") to challenge the district court's dismissal of his motion for

relief under 28 U.S.C. § 2255. For the reasons set forth below, this request is

DENIED.

**BACKGROUND**

---

*After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel.

In early 1997, Martin was indicted on charges of armed bank robbery, interference with commerce by threats or violence, using a firearm during a crime of violence, and possession of a firearm by a convicted felon. These charges stemmed from robberies of a bank and several businesses in Tulsa, Oklahoma. After a jury trial at which Martin was represented by appointed counsel, Martin was convicted on all eight counts charged in the indictment. He was sentenced to life in prison without parole pursuant to 18 U.S.C. § 3559(c), which mandates such a sentence for certain criminals who have two or more previous serious convictions.

Martin's counsel filed a notice of appeal with this court on June 16, 1997. Days after filing this notice, counsel was informed that the statute under which Martin was convicted of one of the predicate convictions used to trigger § 3559(c) had been declared unconstitutional and that convictions obtained under that statute were presumptively void. Counsel filed a motion with the district court to correct the sentence; we remanded the case to the district court for consideration of that motion. United States v. Martin, No. 97-5117, 1998 WL 39229 (10th Cir. Jan. 30, 1998) (unpublished).

After remand, the government chose not to seek to sentence Martin under § 3559(c). Martin was thus resentenced, solely based on the sentencing

guidelines, to fifty years in prison.[1]  Martin again appealed to this court; we affirmed his guilt but remanded to the district court for a determination of whether Martin had desired to waive his right to counsel and proceed *pro se* at his sentencing hearing.[2]  United States v. Martin, No. 98-5066, 2000 WL 33526 (10th Cir. Jan. 18, 2000) (unpublished).

The district court subsequently determined that Martin did not wish to proceed *pro se*, but rather desired the appointment of a new counsel.  The court granted this request, held a new sentencing hearing, and again sentenced Martin to 50 years in prison.  Martin appealed, and we affirmed.  United States v. Martin, 18 F. App'x 686 (10th Cir. Aug. 20, 2001) (unpublished).

Martin then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, raising seventeen claims—sixteen alleging ineffective assistance of counsel, and one alleging trial court bias.  Martin filed an amended motion nearly a year later, alleging thirteen claims that he argued merely expanded upon the original filing.  He then filed a "Notice of Fraud Against the United States," principally alleging that the indictment did not charge that the bank Martin was accused of robbing was insured by the Federal Deposit Insurance Corporation

---

[1]The former conviction was not used in arriving at this new sentence.

[2]We also vacated one of Martin's convictions for possession of a firearm. See Martin, 2000 WL 33526 at *4.  However, because the sentence for this conviction ran concurrently with the sentence for the other seven counts, the vacatur had no effect on his term of actual imprisonment.

("FDIC"), which he alleges is a necessary element to a *federal* bank robbery charge. The essence of his argument was that the government committed fraud by prosecuting him based on an indictment that did not charge the necessary elements to establish federal jurisdiction. Martin also filed a motion to dismiss his indictment, claiming that it was defective because one of the counts erroneously stated that he had been previously convicted of bank robbery in the Eastern District of Illinois.

After thoroughly reviewing all of the claims raised in Martin's two § 2255 motions, the district court denied both. The court also denied his motion to dismiss the indictment, noting that he had not raised the issue on direct appeal and was thus precluded from raising it on collateral appeal. Martin then filed a motion to alter or amend the judgment, which the district court denied.

### DISCUSSION

In requesting a COA, Martin claims that the district court erred in not fully addressing his claims of fraud and of a defective indictment and he takes issue with the district court's ruling on his ineffective assistance claims. "[A] COA may not issue unless the applicant has made a substantial showing of the denial of a constitutional right," that is, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483, 484 (2000). We

- 4 -

conclude that no reasonable jurist would doubt the district court's disposition of Martin's claims.

### *Defective Indictment*

As for Martin's challenges to errors in the indictment, the district court correctly ruled that because he had not raised these claims on direct appeal, he was precluded from raising them at this stage of the proceedings. In general, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Even assuming Martin could show cause, he cannot show "'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168.

Martin primarily argues that, without a specific statement in the indictment that the bank he robbed was FDIC-insured, the indictment did not charge that a federal crime had been committed and thus the federal court lacked jurisdiction to try the case. Martin is simply incorrect. The indictment clearly charges Martin with robbing "Citizens Bank of Tulsa, . . . the deposits of which were then insured by the Federal Deposit Insurance Corporation."[3] Martin also challenges

---

[3]Martin seems to suggest that the bank itself, rather than simply the bank's deposits, must be FDIC insured in order for the robbery to be a federal crime. Again, this is incorrect. The federal bank robbery statute defines a bank as, *inter alia*, "any institution the deposits of which are insured by the Federal Deposit

(continued...)

one of the counts in the indictment insofar as it suggested that he was convicted of bank robbery in the Eastern District of Illinois; he claims there is no record of any such crime occurring. Assuming this were true, it could not have affected Martin's conviction on this count. The reference to this crime was only to show that Martin had been convicted of a crime punishable by more than one year in prison in order to charge Martin with a violation of 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon). The indictment charges <u>two</u> prior bank robbery convictions—one in the Southern District of Illinois and one in the Eastern District of Illinois. One is enough to trigger § 922(g)(1), and Martin expressly admits to the Southern District conviction.

As neither of the alleged errors in the indictment actually prejudiced Martin, and indeed one alleged error did not occur at all, the district court was correct in ruling that he is procedurally barred from raising these claims on collateral review.

### *Ineffective Assistance*

In requesting a COA, Martin primarily argues that his original trial counsel committed procedural errors in his handling of the post-trial motions once it was discovered that the statute on which one of Martin's two predicate convictions

---

[3](...continued)
Insurance Corporation." 18 U.S.C. § 2113(f) (emphasis added).

had been based was later found unconstitutional. However, as the district court correctly noted, we remanded the case for resentencing after this discovery, and Martin was resentenced without regard to this prior conviction. Thus, as the district court correctly found, there is simply nothing to suggest that counsel's performance was prejudicial as required to succeed on an ineffective assistance claim. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To the extent that Martin challenges the district court's other ineffective assistance of counsel rulings, we have reviewed the district court's order and find that no reasonable jurist could find them debatable or wrong.

## CONCLUSION

As it is not debatable whether the district court was correct in its disposition of Martin's claims, we DENY his request for a certificate of appealability and DISMISS this appeal. We do, however, GRANT his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge